OPINION
{¶ 1} Defendant-appellant Melvin Bushong appeals the June 27, 2002 Judgment Entry of the Guernsey County Court of Common Pleas which found him guilty of one count of having a weapon while under a disability and entered sentence accordingly. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On Friday, November 30, 2001, Guernsey County Sheriff Deputy Jeffrey Glen Tucker, Belmont County Wildlife Officer Brian Postlewit, and Guernsey County Wildlife Officer Roby Williams went to one of appellant's residences to investigate a tip concerning a wildlife violation. When the officers arrived, appellant walked out of his residence. Officer Williams told appellant the officers were looking for dead deer, and had been informed he may have deer parts on his property. Appellant told the officers he had no deer on his property and invited the officers inside to take a look.
 {¶ 3} At the suppression hearing, Officer Tucker testified appellant specifically told them they were welcome to take a look inside his house if they wanted. When the officers stepped inside the residence, they smelled a strong odor of marijuana. Officer Tucker testified appellant never asked them to leave. In fact, there was no testimony at the suppression hearing that the officers entered appellant's property with anything but consent.
 {¶ 4} While in the residence, the officers observed marijuana in a plastic bag and stash of roll papers on the kitchen table. When they asked appellant about the marijuana, appellant stated he was permitted to have the marijuana due to a medical condition. The officers did not cite appellant with any violation on that date, but they did confiscate the marijuana as contraband.
 {¶ 5} On December 4, 2001, Officer Tucker returned to the property attempting to serve a misdemeanor citation for possession of marijuana and drug paraphernalia, but appellant was not at home. Officer Tucker went to the front porch of the residence and looked into the house through a window. Officer Tucker claims he observed a bag of green vegetation on the kitchen counter which appeared to be marijuana.
 {¶ 6} Appellant points out the citation for drug charges Officer Tucker was attempting to serve on December 4, 2001, was actually dated December 6, 2001.
 {¶ 7} Officer Tucker returned to the sheriff's department On December 4, 2001, and discussed the matter with Det. Ron Pollock. Based upon this conversation, Det. Pollock filed an affidavit seeking a search warrant. The Cambridge Municipal Court issued a search warrant on December 7, 2001. The search warrant was limited only to a search of the premises located at a Pelican Lane address.
 {¶ 8} On December 12, 2001, Det. Pollock went to appellant's residence address and sat outside awaiting appellant's return. After a short time, Det. Pollock noticed appellant walking outside near the residence. Det. Pollock noticed appellant had something in his left hand and a gun case in his right hand. When the detective told appellant he had a warrant, appellant set the items he was carrying on the ground. Det. Pollock went over and picked up the gun and a container containing a marijuana joint which appellant had just placed on the ground. Appellant told the detective the gun was his.
 {¶ 9} Apparently, Det. Pollock was aware of a previous case against appellant in which appellant had been charged with possession of cocaine, possession of marijuana and illegal cultivation of marijuana. See Guernsey County Common Pleas Case No. 98CR80. Det. Pollock arrested appellant for having a weapon while under a disability.
 {¶ 10} On December 31, 2001, the Guernsey County Grand Jury indicted appellant with having a weapon while under a disability, in violation of R.C. 2923.13(A)(4), a felony of the fifth degree. The indictment included a firearm specification. Appellant filed a motion to suppress the items obtained during the searches of his property, claiming the searches were illegal under the United States and Ohio Constitutions. The trial court held an evidentiary hearing on the motion to suppress on April 3, 2002.
 {¶ 11} Because there had been no conviction under the Case No. 98CR80, and because appellant had completed a drug treatment program in lieu of sentence, the previous case had been resolved with the full restoration of appellant's civil rights. The trial court asked the parties to brief the issue of the previous case as it related to the matter sub judice and continued the hearing. On June 7, 2002, the trial court denied appellant's motion to suppress and appellant's motion to dismiss the indictment.
 {¶ 12} On June 25, 2002, appellant appeared before the trial court and withdrew his previously entered plea of not guilty. Appellant plead no contest to the indictment. In a June 27, 2002 Judgment Entry, the trial court found appellant guilty of one count of having a weapon while under a disability. The trial court sentenced appellant to six months in jail, suspending the sentence and placing appellant on three years of community control. The trial court further ordered appellant to move from Guernsey County within the next 15 days and not reenter Guernsey County during the period of his probation except to attend court hearings. The trial court also ordered appellant to not possess any firearms on or about his person during the period of the probation. The trial court dismissed the firearm specification.
 {¶ 13} It is from this judgment entry appellant prosecutes his appeal, assigning the following errors for our review:
 {¶ 14} "I. The Trial Court Erred When It Denied The Appellant's Motion To Suppress Evidence Garnered By The Illegal Searches And Seizures Performed By The State On November 30, 2001, December 4, 2001, December 7, 2001, And December 12, 2001.
 {¶ 15} "II. The Trial Court Erred By Not Dismissing The Indictment Against The Appellant Because A Person Who Has Successfully Completed A Drug Rehabilitation Program Order Issued Pursuant To Ohio Revised Code Section 2951.04(E) Does Not Have A Disability Of "Drug Dependency" That Continues Past The Dismissal Of The Original Indictment."
 I. {¶ 16} In appellant's first assignment of error, he maintains the trial court erred in denying his motion to suppress due to the illegal searches and seizures performed by appellee. We disagree.
 {¶ 17} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See: State v. Fanning
(1982), 1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 114; State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726.
 {¶ 18} Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See: State v. Williams (1993), 86 Ohio App.3d 37.
 {¶ 19} Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172;State v. Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; andState v. Guysinger, supra. As the United States Supreme Court held inOrnelas v. U.S. (1996), 517 U.S. 690 116 S.Ct. 1657, 134 L.E2d 911 ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 20} Appellant claims each of the searches conducted on appellant's property required a warrant. Because the officers failed to obtain a warrant for the first search of his property, any evidence obtained during the first search, i.e., evidence appellant was in possession of marijuana and drug paraphernalia, should be suppressed. Without this evidence, appellant contends the State would have been unable to substantiate the claims used in the affidavits to obtain later search warrants.
 {¶ 21} However, as set forth above, appellant expressly invited officers inside his home on November 30, 2001. He told the officers they could look around. Upon entering appellant's home, the officers noticed a strong odor of marijuana. Further they saw a bag of green vegetation, and a roll of papers lying on the table. Rather than denying the vegetation was marijuana, appellant told the officers it was his marijuana but he was permitted to have it for medical reasons. At that time, the officers took the contraband into evidence. Based upon this evidence, the officers obtained additional search warrants for appellant's property. Although appellant complains the first search of his property required a warrant, appellant gave consent to the officers to search the premises. Appellant presented no evidence at the suppression hearing to the contrary.
 {¶ 22} Officer Tucker testified he attempted to serve misdemeanor citations on appellant on December 4, 5, and 6, 2001. However, because no one answered the door at appellant's residence, the officer was unable to serve the warrants. Det. Pollock attempted to serve a search warrant on appellant on December 7, and on December 12, 2001. On December 12, 2001, Det. Pollock saw appellant approaching with a firearm and container of marijuana.
 {¶ 23} Because appellant gave consent for the first search, we find there was ample evidence from which the State could have issued the additional search warrants, despite the apparent error in the date on the drug citation.
 {¶ 24} Appellant's first assignment of error is overruled.
 II. {¶ 25} In appellant's second assignment of error, he maintains the trial court erred in failing to dismiss the indictment. Appellant argues the language of the bill of particulars limited the State's evidence to proof he had been convicted of a previous drug use or possession offense. After a review of the bill of particulars, we disagree with appellant's contention. R.C. 2941.07 requires the state to provide a Bill of Particulars:
 {¶ 26} "Upon written request of the defendant made not later than five days prior to the date set for trial, or upon order of the court, the prosecuting attorney shall furnish a bill of particulars setting up specifically the nature of the offense charged and the conduct of the defendant which is alleged to constitute the offense."
 {¶ 27} Crim.R. Rule 7 restates the rule set forth in the statute and provides additional criteria:
 {¶ 28} "(E) Bill of particulars:
 {¶ 29} "When the defendant makes a written request within twenty-one days after arraignment but not later than seven days before trial, or upon court order, the prosecuting attorney shall furnish the defendant with a bill of particulars setting up specifically the nature of the offense charge and of the conduct of the defendant alleged to constitute the offense. A bill of particulars may be amended at any time subject to such conditions as justice requires."
 {¶ 30} The purpose for giving a bill of particulars is to elucidate or particularize the conduct of the accused, but not to provide the accused with specifications of evidence or to serve as a substitute for discovery. State v. Sellards (1985), 17 Ohio St.3d 169, 171; Statev. Camacho. A defendant is entitled to a bill of particulars setting out the ultimate facts upon which the state expects to rely in establishing its case, and the state, upon supplying such bill, should be restricted in its proof to the indictment and the particulars as set forth in the bill. State v. Collett (App. 1944), 44 Ohio Law Abs. 225, 58 N.E.2d 417.
 {¶ 31} Having weapons while under a disability is governed by R.C. 2923.13. The statute states, in relevant part:
 {¶ 32} "(A) Unless relieved from disability as provided in section2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
 {¶ 33} "* * * 3) The person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been an offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse.
 {¶ 34} "(4) The person is drug dependent, in danger of drug dependence, or a chronic alcoholic."
 {¶ 35} Appellant claims the language in the bill of particulars limits the State to the proof of facts which cannot constitute having a weapon while under a disability. The specific language from the bill of particulars at issue is as follows:
 {¶ 36} "The State of Ohio will prove the following facts at the trial of this case, to wit: Melvin Bushong, * * * on or about the 12th day of December, 2001 in the County of Guernsey aforesaid
 {¶ 37} "Count One
 {¶ 38} "* * * not having been relieved from disability as provided in Section 2923.14 of the Revised Code, did, knowingly, acquire, have, carry, or use a firearm or dangerous ordinance, to wit: an Itacha 12 gauge shotgun, when the Defendant is drug dependent, in danger of drug dependency or chronic alcoholic, to-wit: see Case No. 98CR80."
 {¶ 39} Appellant argues when the State used the words "to wit: See Case No. 98CR80," it indicated it would prove appellant was under a disability due to his previous conviction in that case. However, appellant was indicted pursuant to R.C. 2923.13(A)(4), as opposed to subsection (A)(3). Pursuant to the indictment and the bill of particulars, the State did not have to prove appellant had previously been convicted under A(3), but rather that appellant was drug dependent, in danger of drug dependency, or a chronic alcoholic under A(4). We find the fact the State referenced appellant's previous charge of a drug related offense was relevant to showing appellant's potential for being drug dependent or in danger thereof.
 {¶ 40} The charge in Case No. 98CR80 was ultimately dismissed after appellant successfully underwent drug treatment in lieu of conviction. The prior case was relevant to whether appellant was drug dependent, or in danger of dependence at the time of the commission of the offense sub judice.
 {¶ 41} Appellant also argues any drug dependency which constitutes a disability under the statute cannot carry-over from the dismissal of the 98CR80 case. In its entry denying the motion to suppress, the trial court found the State would not be permitted to predicate its case solely on the fact appellant had previously been found by the court to be drug dependent or in danger of becoming drug dependent in his previous case. The trial court concluded the question of drug dependency must be interpreted at the time of the commission of the alleged offense. Because it was an element of the crime, the State had to prove it to the finder of fact beyond a reasonable doubt. We agree with this conclusion.
 {¶ 42} The issue of appellant's drug dependency, or lack thereof, was a question for the jury. When appellant plead no contest, he gave up his right to have the State prove beyond a reasonable doubt his guilt at trial. Therefore, he cannot now validly complain the trial court erred in not dismissing the indictment.
 {¶ 43} Appellant's second assignment of error is overruled.
 {¶ 44} The June 7, 2002 and the June 27, 2002 Judgment Entries of the Guernsey County Court of Common Pleas are affirmed.
By: Hoffman, J.
Gwin, P.J. and
Edwards, J. concur